{¶ 12} I disagree. In the Comer case, the trial court failed to state its findings or reasons for consecutive sentences orally at the sentencing hearing, merely explaining later in a journal entry. InComer, the Supreme Court held that "pursuant to R.C. 2929.14(E)(4) and2929.19(B)(2)(c) when imposing consecutive sentences, a trial court is required to make the statutory enumerated findings and give reasons supporting those findings at the sentencing hearing." Id. at 20.
 {¶ 13} The holding in Comer makes it clear that R.C. 2929.14(E)(4) and2929.19(B)(2) require the court to make the mandated findings and to state its reasons for certain of those findings on the record. However,Comer does not mandate a particular process that directly correlates each reason to each finding. All that is required is an articulation of reasons and findings that provides an appellate court the ability to conduct a meaningful review of the sentencing decision.
 {¶ 14} I recognize that in Comer the Supreme Court stated that "a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences." Id. at 21. Further, this court held in Rothgeb that the "preferred method of compliance with these requirements is to set out each finding that R.C.2929.14(E)(4) requires the court to make, and in relation to each the particular reason or reasons for making the finding that R.C.2929.19(B)(2)(c) contemplates." However, neither Comer nor Comer norRothgeb stand for the proposition that the sentencing court must use a proscribed format or mechanical analysis to satisfy the statutory requirements.
 {¶ 15} I am wary of an "exactness" that not only burdens the trial court with a "precision alignment" more appropriate for a mechanical device such as the wheels of a motor vehicle but one which also relegates the deprivation of human liberty to a tedious calculation and formula that is indecipherable to the average defendant.
 {¶ 16} Nothing in the sentencing statutes requires that the reasons for a consecutive sentence be stated within the "immediate purview" of each finding. Thus, I would not interpret Comer quite as literally as the majority. Nor would I find the "preferred method" Rothgeb suggests is the only method.
 {¶ 17} The record of sentencing herein is sufficient to conduct a meaningful review and determines that the findings are logically supported by the trial court's reasoning. The trial court did provide sufficient nexus between operative facts and the criteria found to warrant consecutive sentences. In pertinent part, the trial judge stated:
 {¶ 18} "The Court, in reviewing the factors under 2929.12(B) and 2929.12(C) those factors which are relevant to the seriousness of the offense, finds that in fact the actions of the Defendant caused serious physical harm to the victim. Not only was there serious physical harm to the use of the of the victim's arm and hand but in order to regain partial use of that arm and hand, some nerve damage had to be taken care of which required the removal of nerve from the foot area during that surgery and now the Defendant suffers permanent numbness to her foot as well as the damage to her arm and hand. This is a proximate result of the attack she suffered at the Defendant's hands. It appears to the Court from the records this is a serious permanent harm. I find no factors under 2929.12(C), so in balance this is, both as to the robbery and the attempted murder, a more serious offense.
 {¶ 19} "As it to recidivism, the Court does find the Defendant has prior delinquency adjudication and criminal convictions and as indicated by the State, criminal conviction was for aggravated robbery with firearm for which he spent significant time in prison.
 {¶ 20} "In fact, the Defendant was paroled from prison on March 13, 2002. I note that it was an aggravated robbery and an aggravated burglary juvenile court in the original adjudication placed the Defendant on probation. That probation, according to the record, ended June 8, 1994. His conviction to the aggravated robbery and aggravated burglary was October the 19th, 1994, just over four months later. He's not responded favorably to past sanctions.
 {¶ 21} "This was a senseless attack. The State is quite correct had it not been for the intervention of another who was concerned about the well-being of a fellow human, this human, this probably would have resulted in a murder charge. There is no presumption for a minimum sentence in this case because it is not the first time the Defendant will be sentenced to prison. However, it's obvious that a minimum sentence would demean the seriousness of this offense and would not adequately protect the public.
 {¶ 22} "The Court does find under 2929.14(C) that as to both of these counts, the Defendant has committed the worst form of the offense and does possess the greatest likelihood of recidivism.
 {¶ 23} "The Court further finds that consecutive sentences are necessary to protect the public and to punish this offense.
 {¶ 24} "The Defendant is now 26 years of age. Prior to becoming an adult, he had already committed serious felony offenses for which significant prison time was imposed. Shortly after being released from prison, we have this situation where a human life was placed in tremendous danger and where significant suffering was suffered and will continue to be suffered, not only by the victim herself but the victim's family.
 {¶ 25} "I note in the presentence report that at least one child of the victim has significant psychological difficulties in accepting what's happened and is receiving counseling to try to learn how to cope with what happened to the child's mother. Because of the likelihood of recidivism and such violent acts, consecutive sentences are necessary to to protect the public. Because of the seriousness of the offense, it is necessary to punish the offense; and consecutive sentences under these circumstances would not be disproportionate to crimes of a similar nature to individuals under similar circumstances. Further, the Court finds, as has been placed on the record, the harm caused was great. The Defendant's criminal history requires consecutive sentences." Tr., pg. 9-16.
 {¶ 26} In fact, the trial court further elucidated a nexus between factors and reasons at the urging of the prosecuting attorney, demonstrated in this trial exchange:
 {¶ 27} "THE COURT: Well, I thought I had that the reason for the findings is the worst form. You talking about the worst form of the offense?
 {¶ 28} "MR. WILSON: And I understand you gave the reasons, but there's some law coming out of the Second District that's requiring to go pretty much factor reasons — well, as I indicated, to protect the community.
 {¶ 29} "THE COURT: The Defendant's prior convictions of aggravated robbery and aggravated murder with firearm specification was committed while he was still a juvenile and was bound over to the adult court. He served significant prison time for that. He was released on probation or parole and shortly after parole terminated, he was again engaged in a violent criminal activity.
 {¶ 30} "The harm was great as has been indicated more than once on the record. It was life threatening. Had it not it not been for the victim's ability to get out of the car to fight off the attack and the intervention of the third party, the Court is quite certain the Defendant would not have stopped the attack until the victim was dead. Under such serious circumstances, the consecutive sentence and a maximum sentence is hardly disproportionate to the offense and to the situation the Defendant has placed himself in, the type of crime that he's committed and his record.
 {¶ 31} "It's been noted that the harm was great and that the Defendant suffered serious lacerations and required surgery to not only close the lacerations but to try to repair nerve damage. The best that could be done at that time was for the nerve damage to get some capability restored to the arm and hand. Nerves had to be removed from the leg area which now results in a constant numbing to the victim's foot.
 {¶ 32} "I believe all the facts have been linked to the factors required under the Revised Code for a consecutive maximum sentence." Tr., pg. 14-16.
 {¶ 33} Thus, I am satisfied that the record allows a meaningful analysis. I would conclude all the facts have been sufficiently linked to the factors required by law for consecutive maximum sentences. I also note the judgment entry contains the factors and reasons as well. Accordingly, I would overrule the sole assignment of error and affirm.